# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MABRY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 2: 15-cv-00141 |
| | ) | |
| v. | ) | United States Senior District Judge |
| | ) | Gustave Diamond |
| | ) | |
| MARK KIRBY, Warden | ) | United States Magistrate Judge |
| FCI Loretto, | ) | Cynthia Reed Eddy |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for writ of habeas corpus filed on behalf of Petitioner, Anthony Mabry, be dismissed without prejudice and this case be closed.

**II.  REPORT**

Petitioner, Anthony Mabry ("Petitioner" or "Mabry"), is a federal inmate incarcerated at FCI Loretto. Through counsel, he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the computation of his federal sentence. Named as respondent is FCI-Loretto Warden Mark Kirby. Mabry claims that the Bureau of Prisons erroneously computed his federal sentence by failing to give him credit for time he spent in service of his state sentences, including time he spent in the custody of the U.S. Marshals Service pursuant to a writ of habeas corpus *ad prosequendum*. Petitioner argues that crediting him with this time is warranted and required pursuant to § 5G1.3 of the United States Sentencing Guidelines.

Respondent filed a Response to the Petition in which he contends that the petition should be dismissed, *inter alia*, because Petitioner has failed to exhaust his administrative remedies. (ECF No. 9.) Mabry did not file a Reply.[1] As such, the matter is ripe for disposition.

A.  **Background**

On June 30, 2005, Mabry was sentenced by the Court of Common Pleas of Allegheny County in Case No. CC 200316150 to serve a period of incarceration for two to five years, and at Case No. CC 200503831 to serve a concurrent period of incarceration for two – four years, both cases involving drug charges.[2]

On February 28, 2007, Mabry was indicted in a 63-count indictment, along with eight co-defendants, in the United States District Court for the Western District of Pennsylvania in Case No. 07-cr-00072. Count One of the indictment charged Mabry with the crime of Conspiracy to Distribute and to Possess With Intent to Distribute Five Kilograms or More of Cocaine and One Kilogram or More Of Heroin, in violation of 21 U.S.C. § 846. According to the indictment, the drug distribution conspiracy operated from September 2004 until April 25, 2005. Mabry was placed in the custody of the U.S. Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum* on April 5, 2007.

---

[1] Local Rule 2241(D)(2) provides as follows: "Although not required the Petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the Respondent files its Response."

[2] In No. CC 200316150, Mabry was charged with Manufacture, Possession and/or Delivery of a Controlled Substance, 35 P.S. § 780-113(a)(30), Possession of a Controlled Substance, 35 P.S. § 780-113(a)(16), Possession of Drug Paraphernalia, 35 P.S. § 780-113(a)(32), and Violation of the Uniform Firearms Act, 18 Pa. Cons. Stat. § 6106. In No. CC 200503831, Mabry was charged with Manufacture, Possession and/or Delivery of a Controlled Substance, 35 P.S. § 780-113(a)(30), and Possession of a Controlled Substance, 35 P.S. § 780-113(a)(16).

On October 29, 2008, Mabry pled guilty to Count One of the Indictment, On January 27, 2009, Mabry was sentenced to a 120-month term of imprisonment, to be followed by 8 years of supervised release. On that same day, Mabry was returned to state custody and the federal judgment was lodged as a detainer. The judgment was silent regarding how this sentence was to be treated in relation to any other federal or state sentence.

On July 21, 2009, Mabry was paroled from his state sentence. He was released to the custody of the U.S. Marshals Service on July 24, 2009. The Bureau of Prisons computed Mabry's sentence based on his 120-month term of confinement and commencing on July 24, 2009, the date Mabry came into exclusive federal custody. Mabry was given prior custody credit against his federal sentence for November 8, 2004, through November 18, 2004, and July 22, 2009, through July 23, 2009. Assuming he receives all good conduct time available to him pursuant to 18 U.S.C. § 3624(b), Mabry's projected release date is April 5, 2018. *See* Declaration of Ondreya Barksdale (ECF No. 9-1, at ¶ 2.)

According to the Bureau of Prisons' records, Mabry has not filed a request for administrative remedy for any remedy, including the issues he now raises in this habeas petition. (*Id*. at ¶ 5.)

**B.    Discussion**

An inmate in an institution operated by the Bureau of Prisons ("BOP") is to follow the BOP's administrative remedy procedure regarding complaints. *See* 28 C.F.R. 542.10, *et seq*. According to precedent established by the Court of Appeals for the Third Circuit, claims raised pursuant to § 2241 are subject to an exhaustion requirement. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 759 (3d Cir. 1996) (holding "that a prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for

the default and prejudice attributable thereto"); *Arias v. United States Parole Com.,* 648 F.2d 196, 199 (3d Cir. 1981) (concluding that, in the context of a habeas petition filed under § 2241, "the district court should have dismissed appellant's petition on exhaustion grounds").

In order to exhaust administrative remedies, an inmate must comply with a number of requirements. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. 542.13(a). Second, if informal resolution is unsuccessful, then the inmate must submit a formal, written Administrative Remedy Request within 20 days of the occurrence that is the underlying basis for such a request. 28 C.F.R. 542.14(a). Third, if the Warden's response to such a request does not satisfy the inmate, the inmate may submit an appeal to the proper Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. 542.15(a). Fourth, the inmate is entitled to appeal to the General Counsel at the BOP Central Office within 30 days if the inmate believes that the BOP Regional Director's response is unsatisfactory. *Id*. "Appeal to the General Counsel is the final administrative appeal." *Id.*

Based on the record before the Court, it is recommended that Mabry's petition be dismissed as he has failed to exhaust the administrative remedies available to him under 28 C.F.R. 542.10, *et. seq.*[3]

---

[3] Although it is not recommended as a basis for dismissal, the undersigned notes that it appears that Petitioner's sentence was computed corrected by the BOP in accordance with federal statutes and BOP regulations. Additionally, this court lacks jurisdiction to consider any challenge under U.S.S.G. § 5G1.3(b) as challenges to the application of the Sentencing Guidelines may only be brought before the sentencing court on a motion pursuant to 28 U.S.C. § 2255. *See Savage v. Zickefoose,* 446 F. App'x 524, 525-26 (3d Cir. 2011).

C.  **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253) (as amended) codified standards governing the issuance of certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-54 (3d Cir. 2000); *abrogated on other grounds by, Gonzalez v. Thaler*, ––U.S. ––, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

III.  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed for failure to exhaust administrative remedies.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, the parties are allowed fourteen (14) days from the date of this Order to file written objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: November 12, 2015

cc:  Donna J. McClelland, Esquire
(via ECF electronic notification)

Amie S. Murphy
United States Attorneys Office
(via ECF electronic notification)

5